Action by Anton Benesch against the John Hancock Mutual Life Insurance Company for balance of salary. A circular printed by the company and signed by one Miller, as superintendent, was claimed to have bound the company, also his receiving money, which it was alleged was turned over to the company, as security in place of a bond from collectors. Judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Langbein Bros. & Langbein,* for appellant. *A. C. Kudlich,* for respondent.

LARREMORE, C. J.   The case presented upon this appeal is of great importance, and as a test case deserves, as it has received, a most careful consideration.   The main question in dispute involves the right of Miller, the superintendent and alleged special agent of defendant, of which Hill was the manager of the branch office at No. 28 Union square, in the city of New York, to bind the defendant corporation.   Its existence as such *de facto* we think was established sufficiently for the purpose of this action.   It is enough, in ordinary actions, to prove the existence of a corporation *de facto,* without proving formal compliance with the requirements of the law or charter in respect to its organization.   Abb. Tr. Ev. 18, 19.   Such presumption arises by the conduct of a corporation and their officers and agents the same as in regard to individuals.   It would be presumed that they conduct their operations substantially upon the same principles and in the same manner as individuals engaged in like business.   All dealings not apparently beyond the scope of the corporation are presumed to be valid until the contrary is shown.   Illegality is not presumed, but must be proven.   Id. 33.   A corporation acting within the scope of the legitimate objects of its institution is bound by all parol contracts made by its authorized agent.   A person seeking to charge a corporation with the act of its officers is not affected by secret instructions limiting the officer's apparent powers.   *Bank of Attica* v. *Pottier & S. Manuf'g Co.,* 1 N. Y. Supp. 483.   Having a legal *status* and a general business office in this state, as shown by the evidence, it is now too late to question the right of its legally authorized agents upon a contract made in its general scope of business.   In such a case, as before stated, special limitations of authority of agents will not prejudice those dealing with it when relying upon the statement and action of its duly authorized representatives.   In view of the many cases presented for adjudication, we are unable to review *in extenso* the authorities cited in the elaborate briefs presented.   We cannot disturb the findings of fact in this case upon the evidence, and, after due consideration, I think the judgment appealed from should be affirmed, with costs.

---

### NEW YORK LIFE INS. CO. *v.* AITKIN.

*(Superior Court of New York City, General Term.* June 27, 1890.)

MORTGAGES—ASSUMPTION BY GRANTEE.

>   The immediate grantor of land subject to a mortgage, which the grantee assumed and agreed to pay, having released the grantee's executor from liability therefor, the mortgagee cannot recover judgment against the latter.

Exceptions from jury term.

Action by the New York Life Insurance Company against James Aitkin, as executor.   On December 3, 1868, Phœbe T. Drew and John G. Drew, her husband, made a certain indenture of mortgage to the plaintiff, whereby they mortgaged certain premises therein described to the plaintiff to secure the payment to plaintiff of the sum of $4,000, and interest.   On December 15, 1869, the said Phœbe T. Drew and John G. Drew conveyed the said mortgaged.

premises to John Gregg by a deed, wherein he (Gregg) covenanted and agreed to pay the mortgage aforesaid. On December 28, 1870, the said John Gregg and Phœbe Gregg, his wife, conveyed the said premises to Helen E. Aitkin. This deed contained an assumption clause in the following words: "And that this conveyance is made subject, nevertheless, to the lien of a certain mortgage made and executed by the said party of the first part to the New York Life Ins. Co., bearing date the 3d day of December, 1868, to secure the sum of four thousand (4,000) dollars, lawful money of the United States, with interest thereon, which mortgage, forming a part of the consideration money hereinbefore expressed, and having been deducted therefrom, the said party of the second part hereby assumes and undertakes to pay, and to indemnify and to save said party of the first part harmless therefrom." This is the assumption clause on which this action is brought. Helen E. Aitkin entered into possession of the premises so conveyed, and remained in possession as owner thereof for a considerable time thereafter. Subsequently she died, leaving a will, which was duly admitted to probate by the surrogate of the city and county of New York on the 16th day of March, 1875, and letters testamentary were issued thereon to the defendant, James Aitkin, the executor named in said will, who ever since has been, and now is, the sole executor of said Helen E. Aitkin. On March 5, 1880, the said mortgaged premises were duly sold by decree of the court of chancery of New Jersey in a suit to foreclose the plaintiff's mortgage. Not enough was realized to satisfy the amount due thereon. The deficiency remaining due and owing to the plaintiff, for which the plaintiff holds no security of any sort, amounts to $1,590.80, with interest thereon from March 5, 1880. To recover this sum, and interest, the present action was brought. The opinion of Judge FREEDMAN, at trial term. on motion made by plaintiff and defendant, respectively, for the direction of a verdict, is as follows: "Mrs. Aitkin having died before the institution of the foreclosure suit in New Jersey, which is conceded, as I understand it, and her executor not having been made a party to that suit, the decree in that suit is not binding upon her estate. This seems to me a proposition which cannot be disputed. Now, that being so, and the present defendant as her executor having been duly released from all liability by Gregg, the immediate grantor of Mrs. Aitkin, before the institution of the present action, it seems to me that the motion on behalf of the plaintiff must be denied, and the motion on behalf of the defendant must be granted. [The court then adjourned for the day, and, on the following day, the case being continued, the court further said:] I have carefully looked at the authorities cited by both sides, and the result of my examination is as follows: At the time of the purchase by Mrs. Aitkin of the premises in question from Gregg, all the parties to the transaction were residents of the state of New Jersey. The contract, presumably, was made in New Jersey, and, as matter of fact, the premises concerning which the contract was made were situate in New Jersey. Under all the circumstances the legal effect of the assumption clause and the plaintiff's rights thereunder are to be determined according to the laws of New Jersey, and according to those laws the plaintiff must fail in this action. But, even if the case were to be governed by the New York law, the most equitable disposition to be made at present of the case would still be to direct a verdict for the defendant. I shall therefore deny the motion of the plaintiff for the direction of a verdict, and grant defendant's motion." Plaintiff excepted to the direction of a verdict for the defendant; also excepted to the refusal of the court to direct a verdict for the plaintiff. The court thereupon directed the jury to render a verdict in favor of the defendant, which the jury thereupon did. The court then directed that the plaintiff's exceptions be heard at the general term in the first instance, and that entry of judgment be in the mean time suspended. For former report see 4 N. Y. Supp. 879.

Argued before TRUAX and DUGRO, JJ.

*Henry G. Atwater*, for plaintiff.   *Johnston & Johnston*, for defendant.

PER CURIAM.   The plaintiff's exceptions are overruled, and judgment is ordered for the defendant, with costs on the opinion of the trial judge.